```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
PERLEY J. THIBODEAU,                     :
                    Plaintiff,           :
                                         :   06 Civ. 1344 (DLC)
          -v-                            :
                                         :      MEMORANDUM
COMMISSIONER OF SOCIAL SECURITY,         :    OPINION & ORDER
                    Defendant.           :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff Perley J. Thibodeau ("Thibodeau") has timely moved for reconsideration of the March 22, 2007 Opinion and Order, Thibodeau v. Barnhart, No. 06 Civ. 1344 (DLC), 2007 WL 895687, (S.D.N.Y. Mar. 23, 2007) ("Opinion"), granting the defendant Commissioner of Social Security's ("Commissioner") motion for judgment on the pleadings.  For the following reasons, Thibodeau's motion for reconsideration is denied.

## Background

The facts of this case are described in detail in the Opinion and summarized here.  On June 15, 2002, Thibodeau filed an application with the Social Security Administration ("SSA") for retirement benefits.  The SSA determined that Thibodeau had accrued only 39 quarters of coverage instead of the 40 quarters of coverage required to be entitled to retirement benefits. While the 39 quarters earned between 1954 and 1977 were

undisputed, at issue was the 40th quarter, which Thibodeau sought to fulfill with the $1,012.00 he earned in 2002 from two days of self-employment as a hairdresser, a profession in which he had not worked for over twenty-five years.  The Administrative Law Judge ("ALJ") found that his 2002 work was not bona fide for purposes of earning the necessary 40th quarter, because he did it on two occasions at a friend's apartment for the express purpose of earning the 40th quarter. The Opinion found that the ALJ's finding was supported by substantial evidence, and further found that the additional military records Thibodeau submitted to show his $10 per month military pension did not entitle him to an additional quarter either.

   Thibodeau filed a motion for reconsideration on April 9, 2007, and submitted six new exhibits in support.  Pursuant to an April 10 Order, the Commissioner filed an opposition on May 4. Thibodeau submitted a reply on May 10.


                           Discussion

   A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision.  See S.D.N.Y. Local Civil Rule 6.3; In re BDC 56 LLC,

330 F.3d 111, 123 (2d Cir. 2003); Chang v. United States, 250 F.3d 79, 86 n.2 (2d Cir. 2001); Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  Shrader, 70 F.3d at 257.

Rule 6.3 "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court."  Zoll v. Jordache Enter. Inc., No. 01 Civ. 1339 (CSH), 2003 WL 1964054, at *2 (S.D.N.Y. Apr. 24, 2003) (citation omitted).  The moving party may not "advance new facts, issues or arguments not previously presented to the Court."  Geneva Pharm. Tech. Corp. v. Barr Labs, Inc., No. 98 Civ. 3607 (RWS), 2002 WL 1933881, at *1 (S.D.N.Y. Aug. 21, 2002) (citation omitted).  The decision to grant or deny the motion is within the sound discretion of the district court.  See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

The plaintiff's motion for reconsideration is denied.  Thibodeau has not pointed to any evidence or argument that he made that this Court overlooked in issuing the Opinion.  Instead, Thibodeau seeks to submit for consideration six new exhibits, none of which were presented in the record before the SSA or before the Opinion in this Court.

Furthermore, even consideration of the new exhibits does not lead to a different result. The first two exhibits submitted by Thibodeau are calendars marked to show the two days he worked as a hairdresser, and the day one of the customers paid. The third exhibit is a handwritten note that seems to show the hair dressing services he provided on those two occasions. These exhibits are consistent with and fully support the ALJ's finding that the two occasions on which Thibodeau practiced his hairdressing profession were not bona fide for purposes of earning his 40th quarter.

The fourth and fifth exhibits appear to be a hair dressing certificate Thibodeau received in the 1970s and the envelope in which a copy of the certificate was recently mailed to Thibodeau, while the sixth exhibit is a copy of a $10 check which apparently is the payment Thibodeau made to obtain the photocopy of his certificate. The ALJ found, based on Thibodeau's own admission, that he was not a licensed hairdresser. The fact that Thibodeau received a certificate in the 1970s, however, is irrelevant to his claim for retirement benefits since the ALJ's rejection of his claim was based on a determination that the two occasions on which he worked in 2002 were not bona fide, and not on whether Thibodeau was ever qualified as a professional hairdresser. Overall, the new exhibits submitted by Thibodeau support the ALJ's finding that

4

his hair dressing work in 2002 was not bona fide for purposes of earning the 40th quarter of coverage.

## Conclusion

For the above reasons, Thibodeau's motion for reconsideration is denied.

SO ORDERED:

Dated:   New York, New York
         July 17, 2007

                                          DENISE COTE
                              United States District Judge